IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DIN G. CHAVEZ LOPEZ,<br><br>               Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY PROSECUTORS OFFICE, and DOUGLAS COUNTY DEPARTMENT OF CORRECTIONS,<br><br>               Defendants. | 8:23CV162<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on Plaintiff's "Motion and Request to Update and Amend Newly Found Exculpatory Discovery Info," Filing No. 8, and motion requesting the appointment of counsel, Filing No. 9.

      As best the Court can tell, Plaintiff's first motion seeks to supplement his Complaint, Filing No. 1, but refers only to "see 18 Appendix U.S.C. Sec-12 Pleadings and pretrial motions: defect in instituting title prosecution." Filing No. 8. Though it is unclear as to what Plaintiff refers, the Court will grant Plaintiff's motion to the extent that the Court will consider the statement in Filing No. 8 as supplemental to the Complaint. However, Plaintiff is advised to refrain from the piecemeal filing of supplemental materials in this case. Repeated filing of supplementary materials frustrate the Court's ability to discern and review the claims Plaintiff seeks to raise in this matter. The Court will conduct an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) after Plaintiff pays his initial partial filing fee of $4.80 due on June 9, 2023.

      Plaintiff has also filed a motion requesting the appointment of counsel. Filing No. 9. The Court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d

444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id.* Having considered these factors, and given that this case is still in its early stages, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Plaintiff's "Motion and Request to Update and Amend Newly Found Exculpatory Discovery Info," Filing No. 8, is granted to the extent the Court will consider the motion as supplemental to the Complaint.

2. Plaintiff's request for the appointment of counsel, Filing No. 9, is denied without prejudice to reassertion.

Dated this 25th day of May, 2023.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge