IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DIN G. CHAVEZ LOPEZ,

                        Plaintiff,

            vs.

DOUGLAS COUNTY PROSECUTORS
OFFICE, and DOUGLAS COUNTY
DEPARTMENT OF CORRECTIONS,

                        Defendants.

**8:23CV162**

**MEMORANDUM AND ORDER**

This matter is before the Court for case management.  The Prison Litigation Reform Act requires an imprisoned civil plaintiff to pay the Court's entire filing fee, either at the outset when filing the complaint, or in installments if the Court grants leave to proceed in forma pauperis ("IFP").  *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

On May 10, 2023, the Court granted Plaintiff's motion seeking leave to proceed IFP and ordered him to pay an initial partial filing fee in the amount of $4.80 within 30 days.  *See* Filing No. 7.  On June 13, 2023, the Court entered a Memorandum and Order requiring Plaintiff to show cause why he had failed to pay his initial partial filing fee by that date.  Filing No. 12.  On June 26, 2023, Plaintiff requested an extension of time to pay, Filing No. 13, and the Court granted his request, giving Plaintiff until August 7, 2023 to pay, Filing No. 14 (text order).  Plaintiff has failed to pay his initial partial filing fee by the deadline and has not asked for an extension of time in which to do so.  Accordingly, the Court will require Plaintiff to show cause why this case should not be dismissed for his failure to pay the initial partial filing fee.  Absent a sufficient response,

the case will be subject to dismissal.  *See Taylor v. Cassady*, 570 Fed. App'x. 632 (8th Cir. 2014) (holding district court abused its discretion by dismissing case without first taking steps to determine whether prisoner-plaintiff's failure to pay the initial partial filing fee "was caused by circumstances beyond his control, such as prison officials' failure to adhere to his request to remit payment using funds from his account").

In addition, a search of the online public inmate records of the Douglas County Correctional Center ("DCCC"), where Plaintiff was last known to be located, indicated Plaintiff is no longer confined there.[1]  As the Court previously advised him, *see* Filing No. 12 at 1 n.2, Plaintiff has an obligation to keep the Court informed of his current address at all times. *See* NEGenR 1.3(e) and (g) (requiring pro se parties to adhere to local rules and inform the Court of address changes within 30 days).  This case cannot be prosecuted in this Court if Plaintiff's whereabouts remain unknown.

IT IS THEREFORE ORDERED that:

1.      Plaintiff will have 30 days to show cause why this case should not be dismissed for failure to pay the initial partial filing fee <u>and</u> to update his address.  Failure to respond to this Memorandum and Order will result in dismissal of this case without prejudice and without further notice.

2.      The Clerk of Court is directed to set a pro se case management deadline in this case using the following text: **September 7, 2023**: check for response to show cause order and updated address.

---

[1] See https://corrections.dccorr.com/inmate-locator (last visited Aug. 8, 2023) (no records returned for search of Plaintiff's Data Number 3444768).

Dated this 8th day of August, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge